IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 03-0191 PJM |
| RUDOLPH CALVIN EPPS, JR., | |
| Defendant. | |

MEMORANDUM OPINION

In 2002, Rudolph Calvin Epps, Jr., robbed (or attempted to rob) five banks.[1] Four years later, he robbed (or attempted to rob) more six banks. *See United States v. Epps*, 07-cr-0089-PJM (D. Md. Apr. 28, 2010). In sentencing Epps, the Court found him to be a career criminal under the Sentencing Guidelines. *See id.*; U.S. Sent'g Guidelines Manual (USSG) § 4B1.1 (U.S. Sent'g Comm'n 2024). Epps is now serving a 188-month prison term to run consecutive to an underlying 150-month term for those federal convictions. His current release date is September 4, 2027. Gov't's Resp. in Opp'n to Def.'s Mot. for Reduced Sentence 1, ECF No. 40.

Early this year, Epps moved pro se to reduce his sentence under a recent amendment to the Sentencing Guidelines. *See* Epps's Mot. to Reduce Sentence, ECF No. 35. The Office of the Federal Public Defender declined to supplement Epps's pro se motion. ECF No. 37. Epps then moved for the Court to appoint counsel for help with his Motion to Reduce. ECF No. 38. Epps has alleged no facts to support reducing his sentence. *See* Mot. to Reduce Sentence; Mot. to Appoint Couns.

---

[1] Before that, Epps had been convicted of (at least) Possession with Intent to Distribute Cocaine in 1994; Robbery, Petty Theft, and Assault in the Second Degree in 1998; Armed Robbery, Robbery, Assault in the First Degree, Assault in the Second Degree, and Theft of $500 or More in 2002; and Reckless Driving, Receiving Stolen Property, Speeding, Improper Registration in 2002.

Epps also gives no good reason why the Court should appoint an attorney on his behalf. The Government has opposed Epps's Motion to Reduce, ECF No. 40, and has moved to seal certain sensitive information, Mot. to Seal, ECF No. 41.

For the reasons that follow, the Court will **GRANT** the Government's Motion to Seal and **DENY** Epps's Motion to Appoint Counsel and Motion to Reduce.

\* \* \*

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To assess a motion under § 3582(c)(2), a court proceeds in two steps. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). First, the court determines whether the defendant is eligible for a sentence modification. *See id.* Second, the court considers the sentencing factors in § 3553(a) and decides whether a reduction is warranted given the circumstances of the case. *See id.*

Amendment 821 reduced the additional criminal-history points assessed to a defendant who committed an offense while under a criminal-justice sentence such as supervised release. USSG Supp. to App. C, Amend. 821, Part A (2023). Before, two criminal-history points were added under USSG § 4A1.1(d) (2021) if the defendant committed the offense while under a criminal-justice sentence. "Under amended USSG § 4A1.1(e) (2024), however, offenders with six or fewer criminal history points no longer receive any status points, and those offenders with seven or more criminal history points receive only one status point." *United States v. Moore*, No. 24-6035, 2024 WL 2828103, at \*1 (4th Cir. June 4, 2024). That amendment applies retroactively,

authorizing trial courts to reduce sentences under the provision. *See id.* (citing USSG Supp. to App. C, Amend. 825).

Epps moves to reduce his sentence based on Amendment 821, so the Court first determines whether he is eligible for such a reduction. He is not. As the Government highlights, the Court sentenced Epps as a career offender under USSG § 4B1.1. Gov't's Opp'n 2. Career offenders—regardless of criminal-history points assessed for offenses committed while under a criminal-justice sentence—always receive the highest criminal-history category, category VI. Epps's sentence, therefore, was not based on criminal-history points assessed. Amendment 821 does not apply.

Given that Epps is not eligible for a sentence reduction, the Court need not evaluate the § 3553(a) factors. Further, because Epps's argument for a sentence reduction under Amendment 821 has no legal basis, appointment of counsel would be inappropriate here. There is no plausible way that a court-appointed attorney for Epps could make his claim any stronger.

Accordingly, Epps's his pro se Motion for Appointment of Counsel, ECF No. 38, and his pro se Motion to Reduce, ECF No. 35, will be **DENIED**.

\*    \*    \*

A federal prisoner may seek to appeal a district court's final order by requesting a certificate of appealability from the district judge or a circuit judge. *See* Rules Governing Section 2255 Proceedings, Rule 11; Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Having considered and denied Epps's pro se Motion to Reduce, the Court will additionally **DENY** a certificate of appealability because Epps has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Epps may seek a certificate of

appealability from the Fourth Circuit.

A separate Order will **ISSUE**.

November __8__, 2024

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4